42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jurrel Duchaun BLACK, Plaintiff-Appellant,
v.
Bill DILLON, Sheriff, Defendant-Appellee.
 No. 94-3194.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1994.
 
 ORDER AND JUDGMENT*
 Before McWILLIAMS, BARRETT and LOGAN, Senior Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jurrel Duchaun Black, appearing pro se, appeals from the district court's order dismissing his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus without prejudice.
 
 
 3
 We grant appellant's motion for leave to proceed on appeal without prepayment of costs or fees in order to reach the merits.
 
 
 4
 Black filed this action in the nature of a 42 U.S.C. Sec. 1983 civil rights complaint while incarcerated in the Wyandotte County Detention Center, Kansas City, Kansas, on charges of aggravated assault on a law enforcement officer. He was permitted to proceed in forma pauperis. The action was treated by the district court as a 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus because Black sued only the sheriff of Wyandotte County, Kansas, contending that he had been unlawfully arrested and improperly detained. Black sought immediate release from custody and 17.7 million dollars in punitive damages. Black alleged that law enforcement officers entered his home and conducted a search without a search warrant or probable cause in violation of the Fourth Amendment of the United States Constitution and unlawfully arrested him and have held him in custody without due process of law.
 
 
 5
 The district court issued an order to show cause why Black's complaint should not be construed as a petition for habeas corpus relief and dismissed without prejudice, subject to Black availing himself to state court remedies. In response, Black alleged that he had filed a petition for a writ of habeas corpus in a Kansas state district court but no action had been taken thereon, even though he (Black) had been detained without a trial setting for a period in excess of seven months.
 
 
 6
 In dismissing Black's petition without prejudice, the district court found that the state district court granted a continuance in Black's criminal trial at the request of his counsel, that a second delay was attributable to the withdrawal of his defense counsel, and that new counsel had been appointed for Black and the case reset for trial. Under these circumstances, the court found that Black had not exhausted available state court remedies. We agree.
 
 
 7
 We affirm substantially for the reasons set forth in the district court's "Memorandum and Order" of June 8, 1994.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470